UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Susan Lopez, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> United States of America, <br><br> *Defendant.* | No. 24 CV 5959 <br><br> Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

Plaintiff Susan Lopez, individually and as next friend of minors G.L. and G.L., brings this lawsuit against the United States under the Federal Tort Claims Act for injuries sustained from a car accident with a United States Postal Service truck. The United States moves to dismiss under Federal Rules of Civil Procedure 12(b)(5) and (6), arguing that Lopez failed to exhaust her administrative remedies and properly serve the United States. For the reasons below, the Court grants the motion to dismiss.

I.  Background

On July 15, 2022, Plaintiff Susan Lopez was driving a vehicle carrying two minor passengers (G.L. and G.L.) in Palos Heights, Illinois. [Dkt. 1, ¶ 4.][1] While stopped at an intersection, a United States Postal Service ("USPS") truck rear-ended Lopez, causing personal injuries and property loss. [*Id.* at ¶¶ 9–10.]

Lopez first presented her claims to USPS when she sent it a set of Standard Form 95s ("SF-95") "Claim for Damage, Injury, or Death" for herself and the two minors, which USPS received on January 25, 2023. USPS received two additional sets of SF-95s, each increasing Lopez's sum certain demand, on March 6, 2024 and April 17, 2024. USPS mailed Lopez a notice of final denial of her claims on October 24, 2024. [Dkt. 13 at 2.]

Lopez sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671 *et seq*. She initiated this lawsuit on July 15, 2024, almost three months after submitting the third set of SF-95s and almost three months before USPS denied her claims. [Dkt. 1.] Lopez argues that the USPS driver involved in the accident was negligent in following too closely, failing to slow down to avoid a

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

1

collision, and failing to pay proper attention to the vehicles ahead of him. [*Id.* at ¶ 12.] Summonses were issued as to USPS, the USPS employee, the United States Attorney for the Northern District of Illinois ("United States Attorney"), and the United States Attorney General.[2] The United States Attorney was served on August 28, 2024. [Dkt. 6.]

## II. Legal Standard

A defendant may seek dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court takes well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor. *Reardon v. Danley*, 74 F.4th 825, 827 (7th Cir. 2023); *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023). "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up).

A defendant may also seek dismissal for insufficient service of process under Rule 12(b)(5). The plaintiff bears the burden of showing effective service of process. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). If the court finds that the plaintiff failed to meet this burden and lacks good cause for not perfecting service, it must dismiss the suit or specify a time within which the plaintiff must serve the defendant. *Id.* (citing Fed. R. Civ. P. 4(m)). This decision is "inherently discretionary." *Id.*

## III. Analysis

The United States seeks dismissal because Lopez didn't exhaust her administrative remedies as required by the FTCA, and because she failed to serve the United States in line with Rule 4(i)(1)(B). The Court agrees on both grounds. It begins with exhaustion.

### A. Failure to Exhaust

Under the FTCA, a plaintiff may only bring a tort claim against the United States after exhausting administrative remedies. 28 U.S.C. §§ 2401(b), 2675. This rule is intended to give the relevant federal agency a first shot at addressing a claim before facing a lawsuit. *Chronis v. United States*, 932 F.3d 544, 546–47 (7th Cir. 2019) (exhaustion requirement gives the agency "an opportunity to meaningfully consider and address the claim prior to suit."). It's also mandatory. § 2675(a) (plaintiff "shall not" sue United States before exhausting administrative remedies); *Denton v. United States*, 440 F. App'x 498, 502 (7th Cir. 2011) ("Failure to exhaust administrative

---

[2] The United States was substituted for the originally named USPS employee as a defendant and the USPS employee was dismissed. [Dkt. 9.]

remedies before bringing a suit under the FTCA mandates dismissal."); *Labra v. United States*, 2024 WL 5168671, at *2 (N.D. Ill. Dec. 19, 2024) ("It's hard to think of any language that conveys a mandatory rule more than 'shall' and 'shall not.'"). To exhaust administrative remedies, a plaintiff must present the claim to the "appropriate Federal agency," § 2675(a), by submitting "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a certain sum . . . ." 28 C.F.R. § 14.2(a). A plaintiff may only sue the United States after the agency denies their claim, or if the agency fails to make a decision within six months of the claim being presented. § 2675(a). If the plaintiff submits an amended claim, the six-month deadline is reset to six months from the date the amended claim was filed. § 14.2(c).

Here, it's undisputed that Lopez filed this lawsuit too early. USPS received her last set of amended SF-95s on April 17, 2024. It then had six months (until October 17, 2024) to render a decision before Lopez could sue. But Lopez initiated this action on July 15, 2024, three months before the agency denied her claims.[3] Lopez doesn't disagree with these facts or claim that she exhausted her administrative remedies. Instead, she argues that this Court should excuse her noncompliance for other reasons, none of which are persuasive.

First, Lopez claims that failure to exhaust is excusable where "the administrative process is considered inadequate, futile, or if there is a clear showing of irreparable harm." [Dkt. 15 at 1.] To that end, she argues that USPS was "not cooperative" and didn't "gainfully participate in the administrative process," explaining that after filing her SF-95s, there was no way to contact USPS or verify that her claims were being processed. [*Id.* at 2–4, 7.]

Lopez hasn't cited any caselaw for an exception to the FTCA's exhaustion requirement and the Court isn't aware of one. *See Thompson v. United States*, 2024 WL 4973309, at *2 (7th Cir. Dec. 4, 2024) (refusing to decide whether there is an equitable exception to the FTCA's exhaustion requirement). Even if there were, Lopez wouldn't be entitled to it because she's presented no evidence that USPS refused to cooperate or prejudiced Lopez. By statute, USPS had six months from April 17, 2024 (until October 17, 2024) to adjudicate Lopez's claims until she could sue. § 2675(a). Within that period, USPS informed Lopez that it received her claims and assigned it to the National Tort Center for adjudication. It also requested additional information and provided an email address and phone number. Lopez clearly received this

---

[3] In addition to the complaint, the Court may consider "documents that are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim" without treating the motion as one for summary judgment. *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 663 (7th Cir. 2022). Lopez references her SF-95 submissions and the agency's final denial in her complaint, [Dkt. 1, ¶ 7], these documents are central to the viability of her claims, and she doesn't contest their authenticity, therefore the Court may consider them.

communication because she attached it to her response brief. [Dkt. 15-1.] There's no indication, then, that USPS failed to administer her claims or communicate with her. It's possible that Lopez didn't know if USPS was processing her claims at the time she filed since she received USPS's communication on July 29, 2024, two weeks after filing. But once USPS confirmed receipt, there was no doubt. Even if USPS never corresponded with Lopez, the FTCA gives clearly reserves six months to the agency to resolve a claim before the claimant can file suit. § 2675(a). Whether the agency resolves it or not, it's entitled to a fair opportunity to decide. Lopez hasn't shown she was prejudiced by the FTCA's exhaustion requirement. Nor has she given any other reason to think the adjudicatory process was inadequate, futile, or that it irreparably harmed her.

Lopez also explained that she filed this lawsuit in July 2024 to preserve her claims within the statute of limitations period.[4] [Dkt. 15 at 3–4.] But taking legal action before USPS rendered a decision was unnecessary because the statute of limitations hadn't expired. The FTCA's statute of limitations requires plaintiffs to (1) present their claim within two years of the claim accruing *and* (2) to initiate legal action within six months "after the date of mailing" of the agency's "notice of final denial of the claim." § 2401(b). Lopez timely took the first step because she properly presented her claims to USPS within two years of the USPS car accident, which is when her claims accrued. *Arroyo v. United States*, 656 F.3d 663, 668 (7th Cir. 2011) (FTCA claim accrues when "(A) the plaintiff discovers; or (B) a reasonable person in the plaintiff's position would have discovered that he has been injured by an act or omission attributable to the government.") As to the second step, she filed this lawsuit before the six-month statute of limitations period began to toll. The FTCA allows a claimant to file suit within six months after the agency mails a notice of final denial or after six months with no decision. USPS denied Lopez's claims on October 24, 2024, just *over* six months after she presented her final set of amended SF-95s. Had Lopez considered this deadline the final denial of her claims, tolling would've begun on October 17, 2024. But there's no indication that she did—instead, she assumed USPS wasn't responding to her claims and prematurely filed suit in July 2024. *See Newsome v. United States*, 2002 WL 1559670, at *3 n.3 (N.D. Ill. July 16, 2002) ("[W]hether an agency's failure to deny a claim within six months after it is filed is treated as a constructive denial is dependent on whether the claimant opts to treat it as such."). So, USPS's mailed notice of final denial marks the beginning of the tolling period (October 24, 2024). Lopez thus had (and still has) from October 24, 2024 to April 24, 2025 to take legal action. The statute of limitations didn't compel Lopez to sue in July

---

[4] Lopez frames her statute of limitations argument in terms of equitable tolling. [Dkt. 15 at 2–3.] But equitable tolling is used to waive or extend a statute of limitations when a party fails to meet it, not when, as here, the plaintiff filed an untimely action before the statute of limitations even began to toll. *P.W. by Woodson v. United States*, 990 F.3d 515, 523 (7th Cir. 2021) ("Equitable tolling is reserved for rare instances in which a plaintiff was prevented in some extraordinary way from filing his complaint in time." (internal quotation omitted)). Nothing prevented Lopez from filing a timely action, she simply filed too early.

4

because the period hadn't even begun to toll. Consequently, the FTCA's statute of limitations doesn't excuse her failure to exhaust her administrative remedies.

Lopez also claims she never received USPS's notice of final denial. [Dkt. 15 at 3.] Even if true, this doesn't help her exhaustion argument. The FTCA is clear that once a claim is timely presented to an agency, tolling for legal action begins "after the date of *mailing*" the notice of final denial. § 2401(b) (emphasis added). Lopez also could have taken legal action after October 17, 2024 if she didn't receive an agency decision. Regardless, Lopez now has the notice of final denial, [dkt. 13-1 at 27–28], and, as importantly, still has an adequate amount of time to refile her claims by April 24, 2024.

Finally, Lopez asserts the United States "misled" her by representing that the USPS employee involved in the accident couldn't be sued. [Dkt. 15 at 6.] It's not clear how this relates to her untimely filing, but it *is* the case that an FTCA action arising from the acts of a federal employee acting within the scope of his employment can only be brought against the United States. 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). Pursuant to § 2679(d)(1), the designee of the United States Attorney General, the United States Attorney, certified that the USPS employee was acting within the scope of his employment [dkt. 16-1] and on this basis, the Court granted the United States' motion to substitute it as a defendant. [Dkt. 9.] Lopez didn't contest the Attorney General's certification or argue that the USPS employee involved was acting outside the scope of his employment.[5] *Taboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998) ("[T]he plaintiff bears the burden of demonstrating that the Attorney General's scope certification was erroneous."). Consequently, the United States was properly substituted in for the USPS employee.

In sum, Lopez didn't exhaust her administrative remedies before initiating this lawsuit and failed to show why this mandatory rule should be waived. The Court recognizes that Lopez has exhausted her administrative remedies during the pendency of this action because USPS issued a final decision in October 2024, but dismissal is still warranted. The statute requires that an "action shall not be instituted" unless administrative remedies have been exhausted. § 2675(a). Precedent counsels the Court to strictly enforce this rule even though Lopez's case hasn't progressed very far and she can refile her claims immediately. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106 (1993) (holding that district court properly dismissed FTCA claim that was filed before plaintiff had exhausted administrative remedies, even though plaintiff accomplished exhaustion while the suit was pending); *Sandgren v. McDonough*, 2024 WL 4274348, at *2 (7th Cir. Sept. 24, 2024) (same in EEOC context). Premature filings burden the judicial system and the defending agency.

---

[5] Lopez cited one Illinois Supreme Court case concerning the "scope of employment." *Pyne v. Witmer*, 542 N.E.2d 1304 (1989). There, the Illinois Supreme Court found that the employee was acting within the scope of his employment. But Lopez didn't apply the decision to the facts of her case and it's not clear to the Court how *Pyne* is relevant.

"Although the burden may be slight in an individual case, the [FTCA] statute governs the processing of a vast multitude of claims," and "orderly administration" of those claims "is best served by adherence to the straightforward statutory command." *McNeil*, 508 U.S. at 112.

### B. Failure to Serve Defendant

Lopez's failure to exhaust is sufficient to dismiss her case, but the Court highlights another basis for dismissal so that Lopez might cure it should she refile. Service on the United States—the proper and only defendant—requires a plaintiff to serve a copy of the complaint and a summons to the "Attorney General of the United States in Washington, D.C." Fed. R. Civ. P. 4(i)(B). Service must be effected within 90 days after the complaint is filed, but can be extended for good cause. Fed. R. Civ. P. 4(m).

To date, over 90 days since filing her complaint, Lopez hasn't served the Attorney General. She served the United States Attorney for the Northern District of Illinois per Rule 4(i)(A), and mistakenly served the *Illinois* Attorney General, but not the United States Attorney General. The Illinois Attorney General informed Lopez that it wasn't the correct entity to serve, and the United States explained that she needed to serve the United States Attorney General per Rule 4(i) in a joint status report on September 18, 2024. [Dkts. 15 at 4; 10.] Lopez hasn't explained this deficiency and may still believe that she's served the right entities. [Dkt. 15 at 7 ("[Plaintiffs] served the Complaint within the appropriate entity."). But ignorance of the law is no excuse, and Rule 4(i)(B) couldn't be clearer. *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) ("Ignorance may be an explanation but is not an excuse.") (affirming dismissal of an FTCA case for failure to serve the United States Attorney General). Should Lopez refile, she will need to serve the Unites States Attorney General, as well as the United States Attorney for this district.

### IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss [dkt. 12] is granted. The complaint is dismissed without prejudice for lack of exhaustion and insufficient service of process. Counsel is reminded to comply with Local Rule 40.3(b)(2) regarding the designation sheet to ensure that any new case that may be filed is assigned to the undersigned judge.

Enter: 24-cv-5959
Date:  February 14, 2025

_____
Lindsay C. Jenkins
United States District Judge

6